UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-21841-CIV-GRAHAM/TORRES

JORGE ALBERTO BARRERA,
et al.,

    Plaintiffs,

vs.

WEISS & WOOLRICH SOUTHERN
ENTERPRISES, INC., and
C.G.R. CONTRACTORS, CO., INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion for Final Summary Judgment [D.E. 56], and Plaintiff's Motion for Partial Summary Judgment and Motion to Strike Pleadings [D.E 88].

**THE COURT** has considered the motions, the relevant portions of the record, and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On July 1, 2009, Plaintiffs filed this action against their former employer, Weiss & Woolrich Southern Enterprises, Inc., ("Weiss") and C.G.R. Contractors Co., Inc., d/b/a C.G.R. Construction, C.G.R. Construction Co. Inc., and C.G.R. Contracting Co. Inc., for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA") [D.E. 1]. On November 9, 2009, this court granted Plaintiffs' Motion for Leave to file an

amended complaint, adding claims against individual Henry Gembala ("Gembala") under the FLSA [D.E. 44]. C.G.R. Contractors, Inc. is a dissolved Florida Corporation. Despite being included in the caption of both the Complaint and the Amended Complaint, C.G.R. Construction, C.G.R. Construction Co. Inc., and C.G.R. Contracting Co. Inc., have not been served, and are not parties to the action. Accordingly, the only remaining defendants are Weiss and Gembala.

Defendant Weiss is a general contractor that provides roofing work in Florida. Plaintiffs were employed by Defendants to perform roofing work [D.E. 1]. Defendant Gembala is named individually as an "employer" as defined in 29 U.S.C §203(d) [D.E. 1]. During a portion of the relevant times of this suit, 2006 and January - August 2007, Defendant Weiss utilized a subcontractor, C.G.R. Construction, Inc., to preform roofing work. It is disputed whether plaintiffs were employed by Defendant Weiss or subcontractor C.G.R. Construction during this period. Defendants assert that Plaintiffs became employed directly by Defendant Weiss on September 1, 2007. [D.E. 58-1].

Defendants seek summary judgment on the grounds that Plaintiffs were paid for all of their overtime and corporate Defendant Weiss is not engaged in interstate commerce. Defendants also assert that summary judgment is proper as to some of the plaintiffs because they are illegal immigrant workers and either failed to file tax returns or filed fraudulent returns. [D.E. 56].

## II. LAW & DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R.Civ.P. 56(c). The moving party has the burden of production. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond by attempting to establish the existence of a genuine issue of material fact. Adickes, 398 U.S. at 160.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id.

The Court must also determine whether the dispute about a material fact is indeed genuine.  In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  See also Marine Coatings of Alabama, Inc. v. United States, 932 F.2d 1370, 1375 (11th Cir. 1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party). Finally, a party cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. See Fed. R. Civ. P. 56(e); Anderson, 47 U.S. at 248.

B.  **Discussion**

Under the FLSA undocumented workers are entitled to protection and can bring an action under the act for unpaid wages. Patel v. Quality Inn South, 846 F.2d 700, 706 (11th Cir. 1988). As such, Defendants' argument for summary judgment on the basis of plaintiffs' immigration status is without merit. Similarly, there is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment. Summary Judgment on either of the aforementioned basis is **DENIED**.

Defendants' also assert that summary judgment is proper as to all plaintiffs because the plaintiffs were paid all of their

overtime or in the alternative plaintiffs can not prove the hours that they worked for which they were not paid. Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies...militate against making that burden an impossible hurdle for the employee." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. Id. The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." Id. In Anderson, the Court noted that if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes, [t]he solution...is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Thus in situations where the employer's records cannot be trusted and the employee lacks documentation, an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Id. The burden then becomes the employer's , and it must produce either evidence

of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. At 687-88, 66 S.Ct. 1187.

In support of its motion for summary judgment, Defendant attaches examples of the check stubs attached to the paycheck that the plaintiffs received from 2006 through September 1, 2007 generated by the payroll company, South East Employee Leasing Company, Inc., for C.G.R. Construction [D. E. 59-1, 60-1, 60-2, 61-1, 61-2]. Defendants have also attached computer generated payroll records [D.E. 66]. Defendants assert that the check stubs clearly set forth the hourly rate, and the overtime rate the Plaintiffs were paid, as well as their hours worked, which were taken from the original time sheets. [D.E. 58-1]. The original time sheets, which were provided to the leasing company, were destroyed after two weeks (if no employees complained about their pay during that time)and the pay records which included the Plaintiffs' hours for each day worked then became the official time and pay record for the Plaintiffs. [D.E. 58-1]. Defendants concede that there are weeks in which some of the Plaintiffs did complain about the foreman missing a day or hours that they worked or having the incorrect hours on their pay sheets. [D.E. 58-1]. However, Defendants contend that those hours were added to the next week's paycheck and overtime would be paid if those hours were overtime. [D.E. 58-1]. Defendants argue that since Plaintiffs cannot refute

6

the Defendants time and pay records and Plaintiffs cannot prove the number of hours worked, Defendants are entitled to summary judgment on Plaintiff's FLSA claim as a matter of law.

Plaintiffs respond that because they worked off-the-clock, the time records do not reflect the actual hours worked. [D.E. 96]. Plaintiffs also assert that there are discrepancies in the pay records generated by the payroll services, South East Leasing and CompuPay, which create an issue of fact as to whether the required overtime rate was paid.

The Court finds that there are genuine issues of material fact in this case, including whether Plaintiffs were employed by Defendant Weiss or by C.G.R. Construction during the relevant periods, whether Plaintiffs were properly paid for overtime by Defendant Weiss,and whether Defendants pay records accurately reflect hours worked and the correct overtime rate paid. As such, Defendant's motion for summary judgment is **DENIED**.

Finally, Plaintiffs' filed the presently pending Motion for Partial Summary Judgment and Motion to Strike Pleadings seeking: 1) entry of summary judgment establishing that the corporate defendant is an "enterprise" engaged in commerce; 2) partial summary judgment establishing that Defendant Gembala is an FLSA employer; and 3) the entry of an Order striking Defendants' pleadings. [D.E. 88]. Although, the Court finds that there are genuine issues of material fact in this case, the Court reserves ruling on the issue of

"enterprise" coverage pending the Eleventh Circuit's resolution of the Consolidated Appeals, <u>Polycarpe v. E&S Landscaping Services, Inc.</u>, Case No. 08-15154 et. al.  Plaintiffs' Motion is otherwise **DENIED**.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [D.E. 56] and Plaintiffs' Motion for Partial Summary Judgment [D.E. 88] is **DENIED** without prejudice as to the issue of "enterprise" coverage to renew upon the Eleventh Circuit's resolution of the Consolidated Appeals, <u>Polycarpe v. E&S Landscaping Services, Inc</u>., Case No. 08-15154 et. al. It is further **ORDERED AND ADJUDGED** that as to all other issues, Defendants' Motion for Summary Judgment [D.E. 56] and Plaintiff's Motion for Partial Summary Judgment [D.E. 88] is **DENIED**

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Pleadings [D.E 88] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that this case is **STAYED** pending the Eleventh Circuit's resolution of the Consolidated Appeals, <u>Polycarpe v. E&S Landscaping Services, Inc.</u>, Case No. 08-15154 et. al.  The parties are directed to notify the Court within five days of the Eleventh Circuit's ruling on the Consolidated Appeals.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2010.

```
                                    _____
                                    DONALD L. GRAHAM
                                    UNITED STATES DISTRICT JUDGE
```

cc:  All Counsel of Record